UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Rachel See | Regina Petty<br>Jina Lee | |

**Proceedings:**       APPLICATION FOR AN ORDER ADJUDGING RESPONDENT
IN CIVIL CONTEMPT (Dkt. 28, filed March 28, 2016)

## I.    INTRODUCTION

The instant dispute arises from a series of unfair labor practices actions currently proceeding before the National Labor Relations Board ("NLRB") against the fast-food franchise McDonald's USA, LLC ("McDonald's") and many of its franchisees.  See McDonald's USA, LLC, a Joint Employer, Case Nos. 02-CA-093893, et al. (the "McDonald's Actions").  As one of its chief contentions in the McDonald's Actions, the NLRB seeks to establish that McDonald's is a joint employer with its franchisees and, as such, can be held liable for unfair labor practices committed at individual McDonald's restaurants.  See id.

On February 9, 2015, the NLRB issued a subpoena *duces tecum* to respondent, D. Bailey Management Company ("D. Bailey"), who is a McDonald's franchisee and a party in the McDonald's Actions.  Declaration of Regina A. Petty ("Petty Decl."), Ex. A, subpoena *duces tecum*.  This subpoena requested the production of documents concerning whether McDonald's is a joint employer with respondent or any of its other franchisees. See id.  After respondent failed to comply with this subpoena, the NLRB filed an action for enforcement of the subpoena with this Court on September 18, 2015.  Dkt. 1.  On November 16, 2015 and November 25, 2015, the Court issued orders instructing respondent to comply with the subpoena and produce responsive documents.  Dkt. 23, 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

Respondent partially complied with the Court's orders, producing several thousand pages of documents to the NLRB.  Declaration of Jina Lee ("Lee Decl."), ¶¶ 3-5. Nonetheless, the NLRB contends that respondent has still failed to produce, and has refused to produce, all responsive documents as required by this Court's orders. Accordingly, on March 28, 2016, the NLRB filed an application with this Court requesting that the Court adjudge respondent to be in civil contempt.  Dkt. 28.  Among other things, the NLRB requests that the Court impose prospective fines to compel respondent to produce all documents responsive to the NLRB's subpoena.  Id.  On April 4, 2016, respondent filed an opposition to the NLRB's application, Dkt. 38, and on April 11, 2016, the NLRB filed a reply in support of its application, Dkt. 43.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

As noted above, on February 9, 2015, the NLRB issued a subpoena *duces tecum* ("the Subpoena") to respondent.  Petty Decl., Ex. A.  On February 23, 2015, respondent moved to revoke the Subpoena by filing a Petition to Revoke with the NLRB.  Id., Ex. B, Petition to Revoke.  On March 19, 2015, the Administrative Law Judge ("ALJ") assigned to this case, Lauren Esposito, denied respondent's petition.  Id. Ex. D, Order denying Petition to Revoke.  Thereafter, respondent and the NLRB engaged in a series of discussions regarding the scope of respondent's responses to the Subpoena.  Mot., at 3; Opp'n., at 4.  While respondent ultimately produced some documents, these discussions were largely unproductive.  Id.

On September 18, 2015, the NLRB filed a petition with this Court seeking an order requiring respondent to comply with the Subpoena.  Dkt. 1.  On November 16, 2015, the Court held a hearing regarding the NLRB's petition. Dkt. 23.  At the hearing, the Court found that the Subpoena was valid and ordered respondent to produce all documents responsive to the Supboena by a date certain.  Id.  The Court's ruling was memorialized in a written order on November 19, 2015.  Dkt. 24.  Thereafter, the NLRB filed a motion requesting that the Court clarify the production schedule by which respondent should comply with the Subpoena.  Dkt. 25.  Accordingly, on November 25, 2015, the Court issued a second written order requiring respondent to produce all responsive documents within 45 days of the November 16, 2015 hearing, i.e., by December 31, 2015.  Dkt. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

Respondent partially complied with the Court's order, producing large quantities of documents on December 16 and 31, 2015.  Lee Decl., ¶¶ 3-5.  In mid-January respondent made a supplemental production of documents, which had been delayed as a result of a technical issue.  Id. ¶ 10.  Respondent contends that, in total, it produced approximately 93,000 pages of documents in response to the Subpoena.  Id., Ex. K, March 7, 2016 letter of Jina Lee.  Nonetheless, respondent withheld various documents which it asserts are protected by the attorney-client privilege.  Id.  Respondent did not, however, produce a privilege log supporting its assertion that these documents contained privileged information.

On January 20, 2016, the NLRB filed a motion before ALJ Esposito seeking a finding that, by failing to submit a privilege log, respondent had waived its claim of privilege over the unproduced documents.  Declaration of Rudy Fong Sandoval ("Fong Sandoval Decl."), Ex. 3, Motion for an Order Finding Waiver of Privilege.  On February 19, 2016, ALJ Esposito issued her order granting the NLRB's motion and finding that respondent had waived the attorney-client privilege.  Id., Ex. 4, Order Finding Waiver of Privilege.  ALJ Esposito ordered respondent to produce all responsive documents on or before March 7, 2016, "regardless of any claims of privilege."  Id., at 9.

On February 22, 2016, respondent provided the NLRB with a privilege log.  Id., Ex. 7, February 22, 2016 Privilege Log.  According to the NLRB, this privilege log was "sparse" and "devoid of meaningful detail."  Reply, at 4.  On March 16, 2016, respondent provided the NLRB with a more-detailed privilege log.  Fong Sandoval Decl., Ex. 11, March 16, 2016 Privilege Log.  Respondent did not comply with ALJ Esposito's March 7, 2016 deadline to produce responsive documents irrespective of any claims of privilege.

On March 28, 2016, the NLRB filed the instant application requesting that the Court adjudge respondent to be in civil contempt for failing to comply with this Court's order to produce all documents responsive to the Subpoena by December 31, 2016.  Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

## III.   LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." California Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1033 (th Cir 2008) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966).  A party requesting an adjudication of civil contempt must establish "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." Stone v. City and County of San Francisco, 968 F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted).   "The burden then shifts to the contemnors to demonstrate why they were unable to comply." Id.  The respondent's conduct "need not be willful" to violate a court order, and there is "no good faith exception to the requirement of obedience." In re Dual–Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993).  However, a respondent may avoid being found in contempt by demonstrating that their failure to comply with a court order was "based on a good faith and reasonable interpretation of the order." Id.  Additionally, "contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 465 (9th Cir.1989).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).  Coercive fines, or any portion thereof, are payable to the Court rather than to the opposing party. Id.  When imposing a coercive civil contempt sanction, a court should consider: (1) the character and magnitude of the harm from continued noncompliance; (2) the probable effectiveness of any sanctions in achieving future compliance; (3) the amount of defendant's financial resources; and (4) the willfulness of the violating party. See U.S. v. United Mine Workers of America, 330 U.S. 258, 303–304 (1946); General Signal Corp, 787 F.2d at 1380.  The amount of a compensatory fine, on the other hand, should be based upon the movant's actual losses suffered as a result of the violation. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

## IV.   ANALYSIS

The NLRB argues that respondent should be adjudged in civil contempt for failing to comply with this Court's order instructing respondent to produce all documents responsive to the Subpoena by December 31, 2015.  However, at present, it appears that the only documents respondent has not produced are documents which it asserts are protected by the attorney-client privilege.  And, to the extent respondent has withheld these documents in a good faith assertion of the attorney-client privilege, the Court cannot find that respondent has violated the Court's prior orders.[1]

Accordingly, the critical question in evaluating the NLRB's application is whether it was permissible for respondent to withhold the currently unproduced documents on the grounds that they are privileged.  The NLRB contends that, in light of ALJ Esposito's order finding that respondent has waived the attorney-client privilege, respondent cannot continue to withhold these documents.  Respondent counters that, under precedent in this and other circuits, ALJ Esposito lacked the authority to issue a binding order finding that respondent has waived the attorney-client privilege.  While the case law on this topic is admittedly scant, the Court concludes that respondent has the better side of this argument.

### A.   The ALJ Lacked Authority to Issue an Order Finding That Respondent has Waived the Attorney-Client Privilege

The Court begins with the Ninth Circuit's decision in <u>National Labor Relations Board v. International Medication Systems, Ltd.</u>, 640 F.2d 1110 (9th Cir. 1981) which, while not directly addressing the question of a waiver of privilege, is nonetheless instructive on this question.  In that case, the NLRB issued a subpoena *duces tecum* calling for the respondent to produce personnel records for all of its employees.  <u>Id.</u> at 1112-1113.  The respondent complied with the subpoena in part, producing the records of some, but not all, of its employees.  <u>Id.</u> at 1113.  As a sanction for non-compliance, the

---

[1] In fact, at the November 16, 2015 hearing, the Court expressly instructed respondent that if it believed certain responsive information was privileged, it could redact such information and state the basis for doing so.  Fong-Sandoval Decl., Ex. 1, Tr. of Oral Argument at 13:17-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

ALJ issued a preclusion order barring the respondent from presenting certain rebuttal evidence at an administrative hearing before the ALJ.  Id. at 1112.  On appeal, the Ninth Circuit determined that it had been improper for the ALJ to bar the rebuttal evidence because the ALJ lacked the authority to issue a preclusion order.  Id. at 1116.  Specifically, the Ninth Circuit explained:

> The [NLRB] "could not, under our system of government, and consistently with due process of law, be invested with authority to compel obedience to its orders by a judgment of fine or imprisonment."  [Interstate Commerce Commission v. Brimson, 154 U.S. 447, 485 (1894)].  Nor, we believe, may the [NLRB] impose *discovery sanctions*, which may have more serious consequences than a fine, before the judicial questions have been asked and answered.

> "Congress has made elaborate provisions for obtaining and enforcing (NLRB) subpoenas," and "(i)t was obviously its intention that this machinery be utilized."  NLRB v. C. H. Sprague & Son Co., 428 F.2d [938, 942 (5th Cir. 1970)].  We may not infer that Congress intended to authorize agencies to bypass district court enforcement proceedings.  An efficient and fair enforcement mechanism has been provided and was meant to be used.  *We therefore conclude that Congress granted the district courts exclusive authority to compel compliance with NLRB subpoenas.*

Id. (emphasis added).  Accordingly, the Ninth Circuit concluded that the ALJ lacked the authority to issue the preclusion order and remanded the case so that the respondent could submit its rebuttal evidence and the NLRB could have an opportunity to seek enforcement of its subpoena in district court.  Id.

While International Medication addressed the propriety of a preclusion order—not an order finding a waiver of the attorney-client privilege—the reasoning of the Ninth Circuit can be applied more broadly.  In particular, it appears to be the view of the Ninth Circuit that it is for the district courts, and not the NLRB, to determine which, and if any, discovery sanctions are appropriate.  See also id. at 1114, n.5 ("[T]he power to impose discovery sanctions . . . is inherently judicial and emerges from the contempt power.  "

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

'Because the contempt power is not and cannot be vested in administrative agencies, those agencies lack the authority to impose discovery sanctions.' ") (quoting Williams, *Authority of Federal Agencies to Impose Discovery Sanctions: The FTC A Case in Point*, 65 Geo. L. J. 739, 744 (1977)).  ALJ Esposito's finding that respondent has waived the attorney-client privilege by failing to timely produce a privilege log was, at base, a discovery sanction.  Accordingly, it was for a district court to determine whether respondent waived the attorney-client privilege.[2]

Moreover, both the Fourth and Sixth Circuits, relying at least in part on International Medications, have held that district courts, not the NLRB, must determine whether any privileges apply to documents requested through NLRB subpoenas.  In National Labor Relations Board v. Detroit Newspapers, the Sixth Circuit explained that "[d]espite the general policy that the NLRB should have jurisdiction in labor-management disputes, Congress specifically reserved to the federal courts the authority to provide for enforcement of subpoenas."  185 F.3d 602, 605 (6th Cir. 1999). Implicit in this enforcement authority, the Sixth Circuit concluded, was the notion "that the district court, not the ALJ, must determine whether any privileges protect the documents from production."  Id. at 605.  The Sixth Circuit then stated that it found "support for this proposition in *an analogous Ninth Circuit case*, NLRB v. International Medication . . ."  Id. (emphasis added).

---

[2] The NLRB argues that International Medication is distinguishable on the grounds that, in that case, the NLRB never sought to have a district court enforce the underlying subpoena.  By contrast, in this case, the NLRB filed a petition to enforce the Subpoena, which this Court granted.  The NLRB seems to suggest that this Court's order determining that the Subpoena was valid and compelling respondent to produce responsive documents empowered the ALJ to issue further orders and sanctions to compel respondent's compliance.  But this is too narrow a reading of International Medication.  Rather, the Court reads International Medication more appropriately to stand for the notion that, while the NLRB may issue subpoenas, it is left to the district courts to enforce those subpoenas.  The fact that a district court may have previously determined that a given subpoena is valid does not alter the Ninth Circuit's conclusion that the propriety of discovery sanctions is ultimately an issue to be determined by a district court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
| --- | --- | --- | --- |
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

    Likewise, in <u>National Labor Relations Board v. Interbake Foods, LLC</u>, the Fourth Circuit engaged in a lengthy discussion of the relationship between the NLRB and the district courts with respect to the enforcement of subpoenas:

> Inherent in the [NLRB's] authority to issue subpoenas, to revoke subpoenas, to examine witnesses, and to receive evidence in accordance with the Federal Rules of Evidence is the authority to make substantive rulings on the grounds for objection to subpoenas and to the admissibility of evidence at the administrative hearing. And within this scope, [NLRB] adjudicators are authorized to make rulings on questions of privilege, as they have been doing for decades.
>
> In most cases, an ALJ's rulings on privilege do not require court enforcement, because the parties either comply voluntarily with the ALJ's rulings or the ALJ's rulings are made without the need for inspection of the underlying documents. *If enforcement becomes necessary, however, the parties must then turn to the district courts to obtain it. At that time, only the district court determines whether to enforce the subpoena and, in making that determination, evaluates the claims of privilege* and, if necessary, conducts an in camera review.

637 F.3d 492, 498 (4th Cir. 2011) (citations omitted) (emphasis added). The Fourth Circuit continued by noting that "[b]ecause a respondent's claim of privilege is the basis for its refusing to produce documents in response to a subpoena," it is inherent in the district court's enforcement authority to resolve the respondent's assertion of privilege. <u>Id.</u> at 499 (citing <u>Int'l Medication</u>, 640 F.2d at 1115-16).

    Particularly given that these courts expressly relied on the Ninth Circuit's decision in <u>International Medication</u>, the Court finds that the decisions in <u>Detroit Newspapers</u> and <u>Interbake Foods</u> are highly persuasive and, at a minimum, consistent with the views of the Ninth Circuit. Therefore, the Court finds that the ALJ lacked the authority to issue a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

binding order finding that respondent has waived the attorney-client privilege.  That question rests solely in the hands of the district courts.[3]

Moreover, in the absence of a binding order finding that respondent has waived the attorney-client privilege, respondent may still in good faith withhold documents responsive to the Subpoena on the basis of the attorney-client privilege.  Accordingly, the Court cannot find that respondent has violated the Court's enforcement orders and, therefore, DENIES the NLRB's application to adjudge respondent in civil contempt.

## B.        Respondent has Waived the Attorney-Client Privilege

The NLRB contends that respondent has waived its claims of privilege by failing to timely produce a privilege log.  As a general matter, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged," the party must "expressly" assert that privilege and describe the nature of the information not produced "in a manner that . . . will enable other parties to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5).  In addition, Federal Rule of Civil Procedure 34 sets a 30-day "default guideline" by which parties must respond to discovery requests, including by producing a privilege log.  Fed. R. Civ. P. 34(b)(2)(A)-(C).  If a party fails to comply with these rules, a court may deem that party to have waived its claim of privilege.  See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) ("The advisory committee notes . . . suggest waiver as a possible result of failure to properly provide 26(b)(5) notice.").

---

[3] In her order, ALJ Esposito noted International Medication as contrary authority and yet still concluded that it was appropriate to issue discovery sanctions.  She explained that, when faced with contrary circuit authority, "[i]t has been the [NLRB's] consistent policy . . . to adhere to its previous holding until the Supreme Court of the United States has ruled otherwise."  Fong Sandoval Decl., Ex. 4, at 4 (citing Pathmark Stores, Inc., 342 NLRB 378, n.1 (2004)).  However, while the NLRB may be bound to follow its own precedent, this Court is bound to apply the precedent of the Ninth Circuit.  Accordingly, for the reasons stated *supra*, and applying Ninth Circuit law, the Court finds that the NLRB lacks the authority to issue binding discovery sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

Nonetheless, the Ninth Circuit has expressly rejected "a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit." Id. at 1149.  Instead, when a party fails to provide a sufficient privilege log, courts are instructed to make a "case-by-case determination," considering the following factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard.  Id.  Courts should apply these factors "in the context of a holistic reasonableness analysis."  Id.

Applying this holistic analysis, the Court concludes that respondent has waived the attorney-client privilege by failing to timely produce a sufficient privilege log.[4]  The Subpoena was issued in February of 2015 and ALJ Esposito denied respondent's petition to revoke the Subpoena in March of 2015.  As of that time, respondent had an obligation to either produce responsive documents or make a valid assertion of privilege supported by a privilege log.  Nonetheless, respondent did not produce *any* privilege log until February 22, 2016—nearly a year after ALJ Esposito denied respondent's petition to revoke the Subpoena.  Moreover, the NLRB contends that this privilege log was "sparse" and "devoid of meaningful detail" and that respondent did not produce a more detailed privilege log until almost a month later.  The length of this delay—almost a year past Rule 34's 30-day "default guideline"—weighs strongly in favor of finding a waiver of privilege. See also Burlington, 408 F.3d at 1149 ("Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later.  In the absence of mitigating considerations, this fact alone would immunize

---

[4] The Court held a hearing regarding this matter on April 25, 2016.  At the hearing, the Court indicated that its tentative ruling was to sustain respondent's assertion of privilege.  Nonetheless, the Court asked counsel for respondent several questions regarding why respondent had failed to timely produce a privilege log.  The Court found counsel's responses unsatisfactory and, accordingly, has determined that, contrary to the Court's tentative ruling, respondent should be found to have waived its assertion of privilege.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

the district court's ruling from reversal under the standard just articulated.") (emphasis in original); <u>Burch v. Regents of Univ. of Cal.</u>, 2005 WL 6377313. At \*2-4 (E.D. Cal. Aug. 30, 2005) (finding waiver where defendants did not produce a privilege log until "approximately six months after [p]laintiffs served their first set of document requests, and approximately two months after plaintiffs served their second set of document requests.").

At the hearing, the Court asked counsel for respondent several times to explain why respondent had failed to timely produce a privilege log.  Counsel for respondent's only justification was that she had not understood this Court's enforcement order to set a deadline by which respondent must produce a privilege log.  The Court finds this explanation wholly inadequate.  At a minimum, Federal Rule of Civil Procedure 34 sets a guideline of 30 days in which to respond to discovery requests, including by objecting to the request and stating "the basis for that objection."  Fed. R. Civ. P. 34(b)(2)(A)-(C).  And, even more to the point, it was at least implicit that when this Court ordered respondent to produce all documents responsive to the Subpoena by December 31, 2015 this included an obligation to produce an adequate privilege log by that date or shortly thereafter.[5]  Respondent also suggests, in its papers, that it faced great hardship in

_____

[5] In her order finding a waiver of privilege, ALJ Esposito rejected a similar argument:

> The [respondents] contend that they need not produce a privilege log because they were not explicitly ordered to do so by the District Court in connection with the application to enforce the Subpoena initiated by [the NLRB] on September 17, 2015.  However, this is simply not the case.  In fact, during oral argument regarding [the NLRB's] application to enforce the Subpoena on November 16, 2015, Judge Christina A. Snyder informed the parties . . . "To comply with the subpoena, if there's something that should be redacted because it's privileged, do it and state the basis for privilege."  The [respondents'] contention that Judge Snyder never required the production of a privilege log, or that they were unaware of this obligation, is therefore meritless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

complying with this Court's enforcement order and that it was unable to simultaneously prepare a privilege log.  Nonetheless, at the hearing, the Court asked counsel for respondent why she had not requested an extension from the Court in which to submit a privilege log.  Counsel for respondent had no answer for this question.  Had respondent apprised the Court that it was having difficulty complying with the enforcement order, the Court and the parties could have found an amenable solution, including by granting respondent additional time to produce a privilege log.  Respondent's decision instead not to produce a privilege log at all deprived the parties any such opportunity and, simply put, was inexcusable.

The Court also notes that the NLRB has suffered prejudice as a result of respondent's delay in timely producing a privilege log.  The underlying administrative hearing in this case began on March 10, 2016.  Reply, at 4.  Since then, the NLRB has called numerous witnesses, including several senior McDonald's executives.  At the hearing, counsel for the NLRB also informed the Court that this week the NLRB anticipates calling one of McDonald's ranking human resources executives.  However, as a result of respondent's delays, the NLRB contends that it has been forced to proceed without many relevant documents, hindering its ability to fully examine these witnesses.  Had respondent timely produced a privilege log the parties could have resolved disputes regarding privilege at an earlier time and not now, when the administrative hearing is already well underway.  See also Tatung Co., Ltd. v. Hsu, 2016 WL 695971, at *11 (C.D. Cal. Feb. 19, 2016) (finding that Burlington factors weighed in favor of waiver where, among other things, plaintiff was forced to take "over seventeen days of depositions without the benefit of reviewing or questioning witnesses regarding" withheld documents).  In addition, respondent has been aware for many months that the NLRB has been attempting to bring this case to trial and that respondent's delay in producing

---

Fong-Sandoval Decl., Ex. 5, Amended Order Finding Waiver of Privilege, at 5-6 (citations omitted).  And, later in her order, ALJ Esposito stated that the history of this litigation illustrates that respondent was "aware that providing a privilege log was necessary as early as February 2015, when [it] initially received [the NLRB's] Subpoena, a requirement referred to by me in my Case Management and March 19, 2015 Orders and by Judge Snyder during the enforcement proceedings."  Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

discovery has been a factor preventing the NLRB from proceeding to trial.  A trial was previously scheduled to begin in this case on October 5, 2015.  See McDonald's Actions, General Counsel's Motion to Adjourn October 5, 2015 Hearing Date.  However, in light of the failure of several franchisees, including respondent, to comply with discovery requests, the NLRB was forced to request a continuance so that it could pursue enforcement proceedings in district courts.  Id.[6]

Finally, respondent contends that the size of the production in this case weighs against finding a waiver of privilege.  Admittedly, the NLRB requested a large quantity of documents from respondent.  Respondent states that it produced approximately 93,000 documents in the course of responding to the Subpoena.  Decl. of Jina Lee, Ex. K, at 1.  However, respondent had roughly a year to review these documents and to prepare a privilege log.[7]  Moreover, while the total quantity of documents produced by respondent was large, the number of purportedly privileged documents was relatively small.  In a letter dated March 7, 2016, respondent's attorney informed the NLRB that respondent had "withheld only 153 documents as privileged."  Id.  Even taking into account the time and expense required to produce the unprivileged documents, it is unclear why it has proven so difficult for respondent to prepare a privilege log for this relatively small pool of documents.  Accordingly, while the production in this case was indeed large, the Court finds that this does not excuse respondents significant delay in producing a privilege log.

Accordingly, applying the "holistic" analysis required by Burlington Northern, the Court finds that respondent's roughly year-long delay in producing an adequate privilege

---

[6] The trial date was also delayed on a previous occasion after McDonalds and many of its franchisees, again presumably including respondent, failed to respond to the NLRB's subpoenas.  McDonalds Actions, Order Adjourning Hearing from May 26, 2015 and Establishing Procedures for the Production of Information Pursuant to Subpoena.

[7] ALJ Esposito reached the same conclusion: "While the 'magnitude' of the production is large, [respondents] have had almost a year to accomplish it.  Indeed, they could have made the production they have effected in a simpler and more efficient manner had a complete response not required an enforcement proceeding in the District Court."  Fong-Sandoval Decl., Ex. 5, Amended Order Finding Waiver of Privilege, at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'   JS-6**

| Case No. | 2:16-cv-02156-CAS(AFMx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD v. D. BAILEY MANAGEMENT COMPANY | | |

log is inexcusable.  The Court, therefore, finds that respondent has waived any assertion of the attorney-client privilege.

**V.     CONCLUSION**

In accordance with the foregoing, the NLRB's application to adjudge respondent in civil contempt is **DENIED**.  However, the Court finds that respondent has waived any assertion of the attorney-client privilege.  Respondent is hereby ordered to produce all documents responsive to the Subpoena, regardless of any assertion of privilege, by no later than May 8, 2016.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |